JACOB M. FROST v. MARY A. CHANDLER.

A writ of *certiorari* was allowed, before judgment, bringing up a proceeding
before a justice under the Landlord and Tenant act.   Upon the return
of the writ, the record of the justice shows that the facts stated in
the affidavit upon which the writ was allowed did not exist, and the
writ is thereupon quashed.

On motion to dismiss a writ of *certiorari.*

Argued at June Term, 1891, before Justices DEPUE, DIXON
and REED.

For the motion, *James F. Conklin.*

*Contra, Charles J. Roe.*

The opinion of the court was delivered by

· REED, J.   The writ of *certiorari* in this case brings up a
summary proceeding taken before a justice of the peace under
the Landlord and Tenant act.   The writ was allowed before
final judgment was entered.   It was allowed upon an affidavit
setting up alleged irregularities which, it was claimed, stripped
the justice of jurisdiction to proceed to judgment.

The justice has, in answer to the commands, returned his
record of the proceedings.

The court is now asked, upon the history of the events
which is detailed in this record, to dismiss the writ of *cer-
tiorari.*

From the record it appears that on the return day of the
summons the defendant's attorneys craved a *venire.*  A jury
was returned, the cause was tried, the jury retired and on
account of inability to agree was discharged.

The record states that it was then agreed by the parties that
a new *venire* be issued, returnable three days later, and that
another writ was so issued.

The first among the reasons filed in support of the allowance of the writ attacks the ability of the justice to adjourn to another day, after a mistrial by reason of a disagreement of the jury.

But there is no substance in this reason, for this power is conferred in express and unmistakable language in section 15 of the Landlord and Tenant act. *Rev., p. 577.*

The next two of the reasons assigned are that no adjournment was made after the jury failed to agree on the first trial; that such adjournment should have been made in the presence of the parties.

The record shows that it was adjourned by consent, and that at the time of the second trial both parties appeared and entered upon the trial of the merits. There was no lack of jurisdiction over the parties so far.

There was again a disagreement of the jury.

Now, the fifth reason assigns as an irregular step in the proceedings the alleged fact that no adjournment to any place was made after this disagreement. But the record shows the fact to be otherwise.

The transcript states that by consent of parties another *venire* was issued forthwith, returnable at a specified time and place. At that time and place the defendant appeared with his counsel, who stood by until a jury was sworn and then arrested the further progress of the trial by presenting this writ of *certiorari.*

The jurisdiction over the parties, both by regularity of adjournment as well as by general appearance, was complete.

In respect to the remaining reason, namely, that no record was kept by the justice, so that the defendant could have knowledge of the adjournments, it is not perceived that it is relevant. The usual minutes were kept from which to make up the docket record at the end of the proceedings.

Besides, the presence of the record here is conclusive proof of its own existence. So it appears that the existence of the alleged facts, upon the faith of which the writ was allowed, is conclusively disproved by the record.

The use of the writ of *certiorari* for the purpose of prolonging the course of proceedings which are intended by the legislature to be of a summary character should be discouraged.

The writ is dismissed, with costs.